IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Case No. 16-11337-G

ELLIOTT DORSCH, *et al.*,

*Plaintiff-Appellant,*

v.

HONEYWELL INTERNATIONAL, INC., *et al.*

*Defendant-Appellee*.

# APPELLANTS' MOTION TO FILE
# CIVIL APPEAL STATEMENT OUT OF TIME

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Stephen F. Rosenthal
Steven C. Marks
Lea Valdivia
PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
Tel.: 305-358-2800
Fax: 305-358-2382
srosenthal@podhurst.com
smarks@podhurst.com
lvaldivia@podhurst.com

*Counsel for Appellants, Elliot Dorsch and Jordan Dorsch, et al.*

# CERTIFICATE OF INTERESTED PERSONS AND
# CORPORATE DISCLOSURE STATEMENT

The Appellants submit this list, which includes the trial judge, and all attorneys, person, associations or persons, firms, partnerships or corporations that have an interest in the outcome of this review:

Adler, Murphy & McQuillen, LLP

Banker Lopez Gassler, P.A.

Bauroth, Robert C.

Berman, Bruce J.

Bourgeois, L. Robert

Brown, James R.

Carlton Fields Jorder Burt, PA

Devlin, Lisa A.

Dorsch, Elliott, Appellant

Dorsch, Jordan, Appellant

Dorsch, Nicholas

EPPS Air Servce, Inc.

Fuente, Jaret J.

Heeringa, A. Paul

Honeywell International, Inc. [HON]

C 1 of 3

Hubbert, Cecelia

Josefsberg, Robert C.

Landrum, Anne M.

Leading Edge Aviation Services, Inc.

Luck, David L.

Marks, Steven C.

McAuley, John G.

Mozley, Arthur J.

Mozley, Finlayson & Loggins, LLP

O'Flanagan, John Patrick

Park, Arthur J.

Pilatus Aircraft Ltd., Appellee

Pizzo, Mark A., Judge, Southern District of Florida (Tampa)

Podhurst Orseck, P.A.

Puentes-Leon, Angela T.

Raistrick, Christopher J.

Rosenthal, Stephen F.

Saranecki, Todd M.

Schlueter, Kurt C.

Siboni & Buchman, PLLC

C 2 of 3

Siboni, Michael C.

Simcom Training Centerst

Valdivia, Lea P.

Wicker, Smith, O'Hara, McCoy & Ford, PA

    Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Plaintiffs/Appellants state there are no corporate disclosures.

                                      *s/Stephen F. Rosenthal*
                                      Stephen F. Rosenthal

Appellants Elliott Dorsch and Jordan Dorsch respectfully move for leave to file their Civil Appeal Statement out of time. As good cause for this motion, Appellants show this Court as follows:

1. This appeal was docketed in this Court on March 29, 2016.

2. Counsel for Appellants filed his Notice of Appearance on April 12, 2016. The Civil Appeal Statement and Certificate of Interested Persons and Corporate Disclosure Statement were due on the same day. The undersigned attempted to file them, but the CM/ECF system would not permit it because the Notice of Appearance had not yet been processed. Consequently, the undersigned is now filing those documents on the very next day.

Accordingly, Appellants respectfully request that this Court grant leave to file the Civil Appeal Statement (attached as Exhibit A hereto) in this appeal out of time.

DATED this 13th day of April, 2016.

Respectfully submitted,

*s/Stephen F. Rosenthal*
Stephen F. Rosenthal
Florida Bar No. 0131458
Steven C. Marks
Florida Bar No. 516414
Lea P. Valdivia
Florida Bar No. 84762
PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130

Tel.: 305-358-2800
Fax: 305-358-2382
srosenthal@podhurst.com
smarks@podhurst.com
lvaldivia@podhurst.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 13, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 *s/Stephen F. Rosenthal*
Stephen F. Rosenthal
Florida Bar No. 0131458

# EXHIBIT A

Rev. 2/11

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE. Attach additional pages if necessary.*

11th Circuit Docket Number: **16-11337-G**

| Caption: | |
|---|---|
| Elliott Dorsch, et al. vs. Honeywell International, Inc. | District and Division: S. District of Florida, Middle District<br>Name of Judge: Mark A. Pizzo<br>Nature of Suit: Products Liability<br>Date Complaint Filed: March 2, 2011<br>District Court Docket Number: 8:11-cv-00441-MAP<br>Date Notice of Appeal Filed: March 24, 2016<br>☐ Cross Appeal  ☐ Class Action<br>Has this matter previously been before this court?<br>☐ Yes  ☒ No<br>If Yes, provide<br>(a) Caption:<br>(b) Citation:<br>(c) Docket Number: |

| | Attorney Name | Mailing Address | Telephone, Fax, and Email |
|---|---|---|---|
| For Appellant:<br>☒ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Stephen F. Rosenthal<br>Podhurst Orseck, P.A.<br>(Counsel for Appellants Elliott Dorsch and Jordan Dorsch) | 25 West Flagler Street<br>Suite 800<br>Miami, Florida 33130 | Tel.: 305-358-2800<br>Fax: 305-358-2382<br>srosenthal@podhurst.com |
| For Appellee:<br>☐ Plaintiff<br>☒ Defendant<br>☐ Other (Specify) | Bruce J. Berman<br>Carlton Fields Jorden Burt, P.A.<br>(Counsel for Appellee Pilatus Aircraft Ltd.) | 100 SE 2nd Street<br>Suite 4200<br>Miami, Florida 33131 | Tel.: 305-530-0050<br>Fax: 305-530-0055<br>bberman@cfjblaw.com |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☐ Federal Question<br>☒ Diversity<br>☐ US Plaintiff<br>☐ US Defendant | ☒ Final Judgment, 28 USC 1291<br>☐ Interlocutory Order, 28 USC 1292(a)(1)<br>☐ Interlocutory Order Certified, 28 USC 1292(b)<br>☐ Interlocutory Order, Qualified Immunity<br>☐ Final Agency Action (Review)<br>☐ 54(b) | ☒ Dismissal/Jurisdiction<br>☐ Default Judgment<br>☐ Summary Judgment<br>☐ Judgment/Bench Trial<br>☐ Judgment/Jury Verdict<br>☐ Judgment/Directed Verdict/NOV<br>☐ Injunction<br>☐ Other _____ | Amount Sought by Plaintiff:<br>$_____<br>Amount Sought by Defendant:<br>$_____<br>Awarded:<br>$_____<br>to _____<br>Injunctions:<br>☐ TRO<br>☐ Preliminary  ☐ Granted<br>☐ Permanent  ☐ Denied |

Page 2                                                                 11th Circuit Docket Number: __16-11337-G__

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression?  ☐ Yes  ☒ No
    What is the issue you claim is one of First Impression?

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute?  ☐ Yes  ☒ No

   If Yes, provide
   (a) Case Name/Statute
   (b) Citation
   (c) Docket Number if unreported

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
   (a) Arises from substantially the same case or controversy as this appeal?  ☐ Yes  ☒ No
   (b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal?  ☐ Yes  ☒ No

   If Yes, provide
   (a) Case Name
   (b) Citation
   (c) Docket Number if unreported
   (d) Court or Agency

(4) Will this appeal involve a conflict of law
   (a) Within the Eleventh Circuit?  ☐ Yes  ☒ No
   (b) Among circuits?  ☐ Yes  ☒ No

   If Yes, explain briefly:

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:

   Whether the district court erred in denying Plaintiffs' motion to amend their Complaint to plead specific jurisdiction against Defendant Pilatus on the basis of undue delay, when such motion was made before any scheduling order was entered and before any deadline to so amend had passed.

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS __13th__ (12th struck through) DAY OF __April__, __2016__.

__Stephen F. Rosenthal__                         __s/Stephen F. Rosenthal__
NAME OF COUNSEL (Print)                          SIGNATURE OF COUNSEL

*Please ATTACH portion of district court, tax court, or agency record described in 11th Cir. R. 33-1(b):  (a) judgments and orders appealed from or sought to be reviewed; (b) any supporting opinion, findings of fact, and conclusions of law filed by the court or the agency, board, commission, or officer; (c) any report and recommendation adopted by an order; (d) findings and conclusions of an administrative law judge when appealing a court order reviewing an agency determination; (e) any agency docket sheet or record index.*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLIOT DORSCH and JORDAN
DORSCH as Co-Personal Representatives
of the ESTATES OF DANIEL JOSEPH
DORSCH and CYNTHIA DORSCH,

        Plaintiffs,

v.

CASE NO.: 8:11-cv-00441-T-17MAP

EPPS AIR SERVICE, INC. d/b/a Epps
Aviation, *et al.*,

        Defendants.
_____/

## **ORDER**

        This case originates from a July 2009 plane crash that sadly killed four people, including Daniel Joseph Dorsch and Cynthia Dorsch. Plaintiffs, sons of Mr. and Mrs. Dorsch, brought claims against Pilatus Aircraft Ltd., Honeywell International, Inc., Epps Air Service, Inc., and Leading Edge Aviation Services for negligence and strict liability. The district judge subsequently dismissed Defendant Leading Edge (doc. 52). And, in September 2012, the district judge dismissed Defendant Pilatus, finding the Court lacked personal jurisdiction over Pilatus (doc. 126). The claims against Defendants Epps and Honeywell remained pending. Before me now is Pilatus's Unopposed Motion for Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) (doc. 203).[1] After consideration and for the reasons stated, I grant the motion.

        Ordinarily, a judgment which does not resolve all of the claims pending against all of the

---

[1] The parties recently consented to my jurisdiction (docs. 191, 207). 28 U.S.C. § 636.

parties is not considered to be a "final judgment." Fed. R. Civ. P. 54(b). However, Federal Rule of Civil Procedure 54(b) provides that a district court may direct entry of a final, appealable judgment where all the claims against all of the parties have not been resolved if the court finds that (1) multiple claims or all claims against a party are fully resolved; and (2) there is no just cause for delay. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 429-30 (1956). A district court has discretion "to determine the 'appropriate time' when each final decision . . . is ready for appeal." *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears*, 351 U.S. at 437). The court should consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

Here, I find that it is appropriate to enter final judgment for Defendant Pilatus. First, the dismissal for lack of personal jurisdiction concluded all claims asserted against Pilatus. *See Charlie Fowler Evangelistic Ass'n, Inc. v. Cessna Aircraft Co.*, 911 F.2d 1564, 1565 (11th Cir. 1990); *DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1031 (5th Cir. 1982). Second, there is no just reason to delay final resolution of this issue. The personal-jurisdiction decision as to Pilatus is separate and distinct; further, the continued proceedings in this Court as to the remaining Defendants are unlikely to have any effect on any appellate resolution of the personal-jurisdiction issue. Moreover, certification of the personal-jurisdiction decision under Rule 54(b) will not encourage piecemeal appeals and would need to be addressed, if at all, by the Eleventh Circuit only once. Hastened final resolution of this issue does not involve any

set-off issues. And, finally, considerations of expense and efficiency militate in favor of resolving the personal-jurisdiction issue sooner rather than later.

Accordingly, it is ORDERED:

1. Pilatus's Unopposed Motion for Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) (doc. 203) is GRANTED.

2. The Court, finding there is no just reason for delay for the reasons stated above, enters FINAL JUDGMENT in Pilatus's favor pursuant to Federal Rule of Civil Procedure 54(b) and Pilatus is hereby dismissed from this action based on the Court's Order dismissing Pilatus for lack of personal jurisdiction (doc. 126).

3. The Clerk is directed to terminate Pilatus as a party.

It is so ORDERED in Tampa, Florida, on February 26, 2016.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE